127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rolando RODRIGUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70989.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997**
Argued Oct. 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before: THOMPSON, T.G. NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rolando Rodriguez, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") order denying his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction under 8 U.S.C. § 1105(a), and we deny the petition for review.
 
 
 3
 Because the BIA adopted the IJ's opinion, we review the IJ's decision for substantial evidence. See Alaelua v. INS, 45 F.3d 1379, 1381 (9th Cir.1995).
 
 
 4
 Rodriguez contends that the IJ erred in determining that he failed to demonstrate eligibility for asylum based on imputed political opinion. This contention lacks merit.
 
 
 5
 To show eligibility for asylum based on imputed political opinion, Rodriguez must demonstrate that he has suffered past persecution, or has a well-founded fear of future persecution, on account a political opinion imputed to him by his persecutors. See Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997).
 
 
 6
 Rodriguez failed to demonstrate that threats and punishment he suffered as a result of deserting from the national army constitute persecution on account of one of the five enumerated grounds. See INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992). Nor did Rodriguez show that his transgression would result in disproportionately severe punishment, see Alonzo v. INS, 915 F.2d 546, 538 (9th Cir.1990), or that his refusal to serve was based on fears of having to participate in inhuman acts, cf. Ramos-Vasquez v. INS, 57 F.3d 857, 863 (9th Cir.1995). Accordingly, substantial evidence supports the IJ's determination that Rodriguez failed to demonstrate eligibility for asylum. See Elias-Zacarias, 502 U.S. at 481.
 
 
 7
 Because Rodriguez has not established eligibility for asylum. he cannot meet the higher standard of clear probability of future persecution necessary for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 PETITION DENIED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Petitioner's request to supplement the record on appeal is denied